## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| FRANKLIN J. WICKERT,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Cause No. CV-25-75-JTJ<br><br><br>**ORDER ON<br>MOTION TO ALTER<br>OR AMEND JUDGMENT** |

## INTRODUCTION

Franklin J. Wickert ("Wickert") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner"). (Doc. 15.) The Court remanded the case to the Commissioner for further administrative proceedings on December 29, 2025. (Doc. 19.) Wickert moves the Court to alter or amend its previous judgment under Federal Rule of Civil Procedure 59(e). (Doc. 21.) The Commissioner opposes Wickert's motion. (Doc. 22.)

A court may alter or amend a judgment in three circumstances: (1) where a moving party presents "newly discovered evidence;" (2) where a moving party demonstrates that the court "committed clear error;" or (3) where a moving party

1

identifies an "intervening change in the controlling law." *Kaufman v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citations omitted). Wickert fails to satisfy the requirements for an altered judgment.

Wickert contends that *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014), demands remand for an award of benefits where a claimant demonstrates that the three "credit-as-true" factors are satisfied. (Doc. 21 at 2.) The court held in *Treichler* that remand for an award of benefits is required when a claimant satisfies the three credit-as-true factors "unless the record discloses that there is 'serious doubt' that the claimant is actually disabled." 775 F.3d at 1108 (citing *Garrison v. Colvin*, 759 F.3d 995, 1023 (9th Cir. 2014)). The court further ruled that remand remains "the proper approach" in cases where "an ALJ makes a legal error, but the record is uncertain and ambiguous." 775 F.3d at 1105.

Remand here remains "the proper approach." *Id*. The case would benefit from further administrative proceedings. *Garrison*, 759 F.3d at 1020. Wickert's testimony is unclear on whether his current oxygen tanks are the largest available to him. (Doc. 10 at Tr. 46.) The medical opinions from Erica Thomas, T. Schofield, and Robert Pratt fail to mention a need for a long-term oxygen tank. (Doc. 10 at Tr. 181–83, 193–95 & 1646–52.) Wickert's testimony on his migraines also conflicts with the several medical opinions and previous administrative medical findings that Wickert

could perform work despite his impairments. (*Id*.) The ALJ's findings show some factual ambiguities and uncertainties given these medical opinions. *Treichler*, 775 F.3d at 1105. The Court accordingly remands for further proceedings. *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017).

## ORDER

**IT IS ORDERED:**

1. Wickert's motion to alter or amend judgment (Doc. 21) is **DENIED.**

2. The Court's previous judgment remanding the Commissioner's final decision denying Wickert's claim for Title XVI supplemental security income benefits for further proceedings stands**.**

3. The Clerk of Court judgment dated December 29, 2025 remains in effect.

   **DATED** this 20th day of January, 2026.

John Johnston
United States Magistrate Judge